PER CURIAM.
In the February 18,1999, opinion in this case, the Court sua sponte amended rule 3.220(a), Notice of Discovery, to provide in pertinent part:
Participation by a defendant in the discovery process, including the taking of any deposition by a defendant or the filing of a public records request under chapter 119, Florida Statutes for nonexempt law enforcement records relating to the defendant’s pending prosecution, shall be an election to participate in discovery and triggers a reciprocal discovery obligation for the defendant. If any defendant knowingly or purposely shares in discovery obtained by a code-fendant, the defendant shall be deemed to have elected to participate in discovery.
See Henderson v. State, 745 So.2d 319 (Fla.1999) (added language underscored). We asked the Criminal Procedure Rules Committee (Rules Committee) to review the amendment, which became effective immediately. We also directed that the amendment be published and gave interested persons sixty days in which to comment. Id. at 327-28.
The Rules Committee filed a comment in support of the amendment. Only one other comment was received. The Court determined that that comment did not warrant further changes to the rule. However, upon closer examination, the Court became concerned that the amendment might be too broadly worded.
The Court was concerned that, as amended, the rule could be read to apply to requests for law enforcement records that are nonexempt under chapter 119 other than those that are nonexempt because of a codefendant’s participation in discovery. Our prior opinion involved only records that are nonexempt under chapter 119 due to a codefendant’s discovery demand. See id. at 326-27. With this concern in mind, we returned the matter to the Rules Committee to consider the following limiting language:
Participation by a defendant in the discovery process, including the taking of any deposition by a defendant or the filing of a public records request under chapter 119, Florida Statutes, for nonexempt law enforcement records relating to the defendant’s pending prosecution, which are nonexempt as a result of a codefendant’s participation in discovery, shall be an election to participate in discovery and triggers a reciprocal discovery obligation for the defendant.
The Rules Committee has filed its response and agrees by a vote of thirty-two to three that rule 3.220(a) should be further amended as outlined above. The Committee also recommends that we add the following commentary to the rule:
This rule does not affect requests for nonexempt law enforcement records as provided in chapter 119, Florida Statutes, other than those that are nonexempt as a result of a codefendant’s participation in discovery. See Henderson v. State, 745 So.2d 319 (Fla.1999).
Accordingly, we amend rule 3.220(a) as reflected in the appendix to this opinion. New language is underlined; deletions are indicated by struck-through type. The above commentary is included for explanation and guidance only and is not adopted as a part of the rule. The amendment shall become effective immediately upon release of this opinion.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
Rule 3.220. Discovery
(a) Notice of Discovery. After the filing of the charging document, a defendant may elect to participate in the discovery *276 process provided by these rules, including the taking of discovery depositions, by filing with the court and serving on the prosecuting attorney a “Notice of Discovery” which shall bind both the prosecution and defendant to all discovery procedures contained in these rules. Participation by a defendant in the discovery process, including the taking of any deposition by a defendant or the filing of a public records request under chapter 119, Florida Statutes, for nonexempt law enforcement records relating to the defendant’s pending prosecution, which are nonexempt as a result of a codefendant’s participation in discovery, shall be an election to participate in discovery and triggers a reciprocal discovery obligation for the defendant. If any defendant knowingly or purposely shares in discovery obtained by a code-fendant, the defendant shall be deemed to have elected to participate in discovery.
[No change is made to subdivisions (b) through (p).]
[No change is made to existing committee notes.]
Court Commentary
1996 Amendment. The designation of a witness who will present similar fact evidence will be dependent upon the witness’s relationship to the similar crime, wrong, or act about which testimony will be given rather than the witness’s relationship to the crime with which the defendant is currently charged.
1999/2000 Amendment. This rule does not affect requests for nonexempt law enforcement records as provided in chapter 119, Florida Statutes, other than those that are nonexempt as a result of a code-fendant’s participation in discovery. See Henderson v. State, 745 So.2d 319 (Fla.1999).